NORMAN E. LEHRER, P.C.
Norman E. Lehrer
1205 North Kings Highway
Cherry Hill, New Jersey 08034
856.429.4100
Attorneys for Plaintiff
patents@pobox.com

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

|  |  |
|---|---|
| JESSICA ANN VOLINSKI, | CIVIL ACTION NO. 15- |
| Plaintiff, | |
| v. | COMPLAINT |
| GIBSON OVERSEAS INC. and WAL-MART STORES, INC., | JURY TRIAL DEMANDED |
| Defendants. | |

Plaintiff, Jessica Ann Volinski, by her attorney, and for her complaint against the Defendants alleges and avers as follows:

THE PARTIES AND JURISDICTION

1.  Plaintiff, Jessica Ann Volinski ("Volinski") is an individual, residing at 29 Forest Court, Medford, New Jersey 08055.

2.  Defendant, Gibson Overseas Inc. ("Gibson") is a California corporation, having its principal place of business at 2410 Yates Avenue, Commerce, California 90040.

3. Defendant, Wal-Mart Stores, Inc. ("Wal-Mart") is a Delaware corporation, with its principal place of business at 702 S.W. 8th Street, Bentonville, Arkansas 72716.

4. This Court has exclusive jurisdiction over this complaint under 28 U.S.C. §1338(a) in that the causes of action alleged herein arise under the Copyright Laws of the United States, 17 U.S.C. §101 et seq. and 17 U.S.C. §1201 et seq. Venue is proper in this judicial district pursuant to 28 U.S.C. §1400(a). Personal jurisdiction is proper in that both Defendants do business in this judicial district and the causes of action alleged relate to Defendants' activities in this district.

## FACTS COMMON TO BOTH COUNTS

5. Volinski is a professional illustrator who creates and licenses her artwork, a significant portion of which consists of sketchy doodle designs.

6. In 2010, Volinski created a design entitled "Hand-Drawn Abstract Henna Mehndi Flowers and Paisley Doodle" ("Paisley Doodle"). A copy of this artwork is attached hereto as Exhibit 1.

7. The Paisley Doodle was published online at Shutterstock on April 26, 2010. As published on Shutterstock, the artwork contained an appropriate copyright notice under Volinski's online moniker "blue67design."

8. On July 16, 2015, Volinski filed an application with the Copyright Office to register her Paisley Doodle artwork and Certificate of Registration No. VA 1-974-432 has issued with respect to the same. A copy of the Copyright Office records evidencing the Registration is attached hereto as Exhibit 2.

## COUNT I

## COPYRIGHT INFRINGEMENT

9. Without license or permission from Volinski, Gibson has copied significant portions of Volinski's Paisley Doodle artwork and has reproduced it on dinnerware which it promotes under the name Gibson Studio Moroccan Floral. Photographs of samples the dinnerware are attached hereto as Exhibit 3.

10. On information and belief, at all times relevant to the acts of Gibson, the company had actual as well as constructive notice and knowledge of Volinski's copyrights but proceeded and is continuing to proceed in complete disregard thereof. Gibson's infringement of Volinski's copyrights, therefore, was and is willful and deliberate.

11. Gibson has sold its infringing products to Wal-Mart, who is reselling the infringing products to the public. Wal-Mart is reselling these products without license or permission from Volinski.

12. Wal-Mart's acts of reselling the infringing products also constitute copyright infringement.

## COUNT II

## VIOLATION OF THE DIGITAL MILLENNIUM COPYRIGHT ACT

13. Plaintiff repeats and realleges paragraphs 1-12 above as if fully set forth herein.

14. When copying Volinski's artwork, Gibson intentionally removed the copyright management information that had been published with the work.

15. In producing its infringing materials, Gibson substituted its name as the copyright proprietor with the obvious intent to conceal its infringement.

16. After intentionally removing Volinski's copyright management information and adding false copyright management information, Gibson distributed copies of the infringing materials knowing that the copyright management information had been removed without Volinski's authority and knowing that the materials contained false copyright management information.

17. Gibson knew or had reasonable grounds to know that the removal and distribution of its products with the copyright management information removed and with false information would induce, enable, facilitate or conceal infringement of Volinski's rights.

18. Plaintiff has suffered damages as a result of Gibson's unauthorized removal of copyright management information and inclusion of false information and the subsequent distribution of infringing copies of her work. Gibson's actions, therefore, constitute violations of 17 U.S.C. §1202.

WHEREFORE, Volinski prays for judgment against Gibson and Wal-Mart as follows:

A. That Gibson and Wal-Mart, their agents, servants, employees, and attorneys and all persons in active concert or participation with them who receive actual notice hereof be enjoined pendente lite and permanently from infringing Volinski's copyright and from manufacturing or distributing infringing products including the various Gibson Studio Moroccan Floral dinnerware.

B. That Gibson and Wal-Mart, their agents, servants, employees, and attorneys and all persons in active concert or participation with them who receive actual notice hereof be enjoined pendente lite and permanently from distributing any products that contain false or removed copyright management information.

C. That, in accordance with 17 U.S.C. §503 and 17 U.S.C. §1203, all infringing products in Gibson's or Wal-Mart's possession or control be impounded by the Court during the pendency of this action and thereafter destroyed.

D. That Gibson and Wal-Mart be required to account for and pay over to Volinski all gains, profits and advantages derived by them and, in addition, the damages sustained by Volinski as a result of their infringement and their violation of 17 U.S.C. §1202 together with legal interest from the date of accrual.

E. That pursuant to 17 U.S.C. §1203(b)(5) Gibson and Wal-Mart be required to pay Volinski reasonable attorney's fees.

F. That Volinski have such other and further relief as this Court deems just and proper.

NORMAN E. LEHRER, P.C.


By: /s/ Norman E. Lehrer
    Norman E. Lehrer
    Attorneys for Plaintiff

Dated: October 26, 2015

DEMAND FOR JURY TRIAL

Plaintiff, by her attorney, hereby demands a trial by jury of all issues triable by jury.

                              NORMAN E. LEHRER, P.C.

                              By: /s/ Norman E. Lehrer
                                  Norman E. Lehrer
                                  Attorneys for Plaintiff

DECLARATION UNDER LOCAL RULE 11.2

I hereby declare that, to the best of my knowledge, this matter is not the subject of any other pending action in any court, or of any pending arbitration or administrative proceeding.

                              NORMAN E. LEHRER, P.C.

                              By: /s/ Norman E. Lehrer
                                  Norman E. Lehrer
                                  Attorneys for Plaintiff